UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| RICHARD M. ANDERSON,<br>*Plaintiff*, | § § § | |
| vs. | § § | CIVIL ACTION NO. |
| MICHELLE LUJAN GRISHAM,<br>In her official capacity as<br>Governor of New Mexico | § § § § | Hon. |
| And | § § § | |
| PATRICK M. ALLEN<br>In his official capacity as<br>Secretary of New Mexico Department<br>Of Health<br>*Defendants* | § § § § § | |

**PLAINTIFFS' COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Richard M. Anderson ("Anderson") submits the following Complaint for Declaratory and Injunctive Relief against Defendants Michelle Lujan Grisham, in her official capacity as the Governor of the State of New Mexico ("Governor Grisham"), and Patrick M. Allen, in his official capacity as the Secretary of the New Mexico Department of Health ("Secretary Allen").

### I.   INTRODUCTION

1. On September 7, 2023, Governor Grisham issued Executive Order 2023-

130, *DECLARING STATE OF PUBLIC HEALTH EMERGENCY DUE TO GUN VIOLENCE*.  Exhibit A.  The Order claims that a "state of emergency" is imposed due to the existence of something called "gun violence" in New Mexico.

2. The following day, on September 8, 2023, Secretary Allen invoked the Governor's order to issue "*Public Health Emergency Order Imposing Temporary Firearm Restrictions, Drug Monitoring and Other Public Safety Measures*" (hereinafter "the Order") that mandated "no person, other than a law enforcement officer or licensed security officer, shall possess a firearm…either openly or concealed, within cities or counties averaging 1,000 or more violent crimes per 100,000 residents per year since 2021 according to Federal Bureau of Investigation's Uniform Crime Reporting Program AND more than 90 firearm-related emergency department visits per 100,000 residents from July 2022 to June 2023 according to the New Mexico Department of Public Health."  Exhibit B.

3. On September 13, 2023, U.S. District Court Judge David Urias declared that the order violated the constitutional rights of citizens to keep and bear arms outside the home for self-defense.

4. On September 15, 2023, Governor Grisham and Secretary Allen amended their orders to prohibit the carrying of any firearm for self-defense "in public parks and playgrounds, or other public area provided for children to play in."  Exhibit C.

5. The new Order effectively prohibits any lawful carry by visitors, residents and citizens outside the home in certain areas, except law enforcement and armed security, in the most populous city in New Mexico, Albuquerque, and Bernalillo County

while these citizens are enjoying family time with their children.

6.  The Order declares that parents, grandparents, other family members, and friends have no right or duty to protect themselves or their children when they visit public parks, playgrounds, or other areas where children play as if children do not enjoy the protections afforded to them under the Constitution.

7.  Since criminals do not follow the law, the Order places families in greater danger of being targeted for criminal activity, injury, or even death because criminals now know that family members are incapable of "legally" defending themselves in these designated crime-spree zones.

## II.   PARTIES

8.  Plaintiff is a law-abiding adult citizen who lives in the City of Albuqueque, Bernalillo County. He is a disabled, Vietnam-era veteran who served his country as a commissioned officer in the United States Air Force and took an oath to "support and defend the Constitution of the United States against all enemies, foreign and domestic."[1] He carries a firearm regularly for self-defense and other lawful purposes while traveling and conducting his day-to-day business. Plaintiff intends to engage in the very conduct that the Order prohibits in the areas such conduct is prohibited. Because of the Order, Plaintiff is precluded from exercising his fundamental rights enshrined within both the New Mexico and United Constitution to keep and bear arms in defense of self, state, and

---

[1] United States Air Force Commissioned Officer Oath of Office: "I [*state your full name*], having been appointed a (*rank*) in the United States Air Force, do solemnly swear (*or affirm*) that I will support and defend the Constitution of the United States against all enemies, foreign and domestic; that I will bear true faith and allegiance to the same; that I take this obligation freely, without any mental reservation or purpose of evasion; and that I will well and faithfully discharge the duties of the office upon which I am about to enter. So help me God (*optional*)."

others, particularly his grandchildren.

9. Defendant Grisham is the elected Governor of the State of New Mexico. This action is brought against her in her official capacity.

10. Defendant Allen is the Secretary of New Mexico's Department of Public Health. This action is brought against him in his official capacity.

11. Defendants are prohibited from violating the rights of those under their governance and required to enforce the laws as duly passed by the Legislature. Unfortunately, Defendants are abusing their authority under color of law by enforcing and will continue to enforce unconstitutional edicts that disarm the peacefully and lawfully armed Plaintiff and others in violation of 42 U.S.C. § 1983.

12. Finally, Defendants have no authority under either the All Hazard Emergency Management Act[2] (AHEMA) the Public Health Emergency Response Act[3] (PHER) to issue the executive order as written in the first place.

### III. JURISDICTION AND VENUE

13. The Court has original jurisdiction of this civil action under 28 U.S.C. § 1131, because the action arises under the Federal Constitution and the laws of the United States. The Court also has jurisdiction under 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983 since plaintiff seeks redress due to the deprivation of his rights, under color of the laws, ordinances, regulations, customs and usages of the State of rights, privileges or immunities secured by the United States.

14. Plaintiff's claims for declaratory and injunctive relief are authorized by 28

---

[2] N.M. Stat. Ann. § 12-10-1 to 12-10-18.
[3] NM Stat § 12-10A-1 to 12-10A-19 1978.

U.S.C. §§ 2201 and 2202, respectively, and his claim for attorneys' fees authorized by 42 U.S.C. § 1988.

15. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(2) because the events or omissions giving rise to Plaintiff's claims occurred in this district.

## IV.     GENERAL ALLEGATIONS

16. The Second Amendment to the United States Constitution declares that "the right of the people to keep and bear arms shall not be infringed." U.S. CONST. amend. II; *see also D.C. v. Heller*, 554 U.S. 570 (2008); *McDonald v. City of Chicago*, 561 U.S. 742 (2010); and *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022).

17. The right to keep and bear arms recognized in the Second Amendment is made applicable to the states by the Fourteenth Amendment. *McDonald*, supra.

18. In *Bruen*, the Court held: "We reiterate that the standard for applying the Second Amendment is as follows: When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." *Id.*, 142 S. Ct. at 2129- 30.

19. Plaintiffs' Proposed Conduct described in paragraph 5 is covered by the plain text of the Second Amendment. *See Bruen*, 142 S. Ct. at 2156, and *Wolford v. Lopez*, 2023 WL 5043805, at *29 (D. Haw. Aug. 8, 2023). Therefore, the Constitution presumptively protects that conduct. In other words, the Carry Prohibition's prohibition

of their conduct is presumptively unconstitutional.

20. Since the Second Amendment presumptively protects Plaintiffs' Proposed Conduct described in paragraph 8, the State must justify the Carry Prohibition by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation. But it is impossible for the State to meet this burden, because there is no such historical tradition of firearms regulation in this Nation. *See Bruen*, 142 S. Ct. at 2156, and *Wolford v. Lopez*, 2023 WL 5043805, at *29 (D. Haw. Aug. 8, 2023).

21. In summary, the plain text of the Second Amendment covers Plaintiff's Proposed Conduct described in paragraph 8. Therefore, the Carry Prohibition in the areas described in the amended order is presumptively unconstitutional. The State cannot rebut this presumption, because the prohibitions are not consistent with the Nation's historical tradition of firearm regulation. Therefore, the "public park, playground, and other public areas where children play" Carry Prohibition is unconstitutional to the extent it prohibits law-abiding citizens from engaging in Plaintiff's Proposed Conduct.

### A.   PHER

22. PHER was passed to 1) provide the state of New Mexico with the ability to manage public health emergencies in a manner that protects civil rights and the liberties of individual persons; 2) prepare for a public health emergency; and 3) provide access to appropriate care, if needed, for an indefinite number of infected, exposed or endangered people in the event of a public health emergency.[4]

---

[4] N.M. Stat. Ann. § 12-10A-2. Purposes of Act.

23.     PHER specifically defines "public health emergency" as "the occurrence or imminent threat of exposure to an extremely dangerous condition or a highly infectious or toxic agent, including a threatening communicable disease."[5]  The Act is silent on the authority of Governor Grisham to regulate the wearing of arms in defense of self and others due to so-called "gun violence."  Had the governor this authority, she would be able to ban swimming pools because New Mexico has one of the highest rates of drowning in the country.

24.     Regardless of the other factors or numbers, even if the rates of "gun violence" were twice as high, PHER does not apply to the declaration of a public health emergency.  Besides, suicides comprise 65% of the so-called "gun violence" in New Mexico.[6]  Governor Grisham's order prohibiting guns in parks, playgrounds, and areas where children play is not directly targeted at or limited to the main source of the "problem" even if she were authorized to declare such an emergency.

B.     AHEMA

25.     AHEMA was passed, *inter alia*, to "provide an emergency operations plan for the protection of life and property adequate to cope with disasters resulting from acts of war or sabotage or from natural or man-made causes other than acts of war" and "provide for assistance and care for persons displaced, left homeless or otherwise victims of disaster or war conditions."[7]

26.     AHEMA confers powers to the governor "in the event of any man-made or

---

[5] N.M. Stat. Ann. § 12-10A-3. Definitions.
[6] Gun deaths: CDC, WONDER, five-year average: 2015-2019.
[7] N.M. Stat. Ann. § 12-10-2. Purpose.

natural disaster causing or threatening widespread physical or economic harm that is beyond local control and requiring the resources of the state" and to issue, amend or rescind the necessary orders, rules and procedures to carry out the provisions" of the Act.[8]

27. AHEMA gives Governor Grisham the power, by proclamation, to prohibit "the possession of firearms or any other deadly weapon by a person in any place other than his place of residence or business, except for peace officers." However, that section only applies to an emergency declaration under the Riot Control Act and "upon request of the mayor of a municipality or the sheriff of a county or a majority of the members of the governing body of the municipality or county having jurisdiction."[9]

28. Governor Grisham does have the authority to prohibit firearms anywhere based on AHEMA.

## V.  FIRST CLAIM FOR RELIEF
### Right to Keep and Bear Arms
### U.S. Const., amends. II and XIV

29. The foregoing paragraphs are realleged and incorporated by reference.

30. Plaintiffs' Proposed Conduct described in paragraph 8 is covered by the plain text of the Second Amendment and is therefore presumptively protected by the Constitution. The State cannot satisfy its burden of justifying the "public park, playground, and other public areas where children play" Carry Prohibition restrictions on the Second Amendment rights of the People by demonstrating that they are consistent with this Nation's historical tradition of firearm regulation.

---

[8] N.M. Stat. Ann. § 12-10-4. All hazard emergency management; powers of the governor.
[9] N.M. Stat. Ann. § 12-10-17 to 12-10-18. Proclamation of Emergency.

31. Therefore, the "public park, playground, and other public areas where children play" Carry Prohibition infringes the rights of the people, including Plaintiffs, to keep and bear arms as protected by the Second Amendment. There are significant penalties for violations of the law.

## V.   PRAYER FOR RELIEF

Plaintiff prays that the Court:

32. Enter a declaratory judgment pursuant to 28 U.S.C. § 2201 that the Carry Prohibition is unconstitutional on its face or as applied to the extent it prohibits law-abiding adults from engaging in Plaintiff's Proposed Conduct described in paragraph 5;

33. Enter preliminary and permanent injunctive relief enjoining Defendants and their officers, agents, and employees from enforcing the Carry Prohibition;

34. Award remedies available under 42 U.S.C. § 1983 and all reasonable attorneys' fees, costs, and expenses under 42 U.S.C. § 1988, or any other applicable law;

35. Award actual or nominal damages to the individual Plaintiff; and

36. Grant any such other and further relief as the Court may deem proper.

Dated: September 26, 2023

Respectfully Submitted,

*/s/ Joseph Lee Woods*
Joseph Lee Woods
Law Office of Joseph L. Woods, LLC
500 Marquette Ave. NW, Suite 1200
Albuquerque, NM 87102

T: (866) 855-1195
F: (866) 855-1198
joseph@woodsinjurylaw.com

*/s/ CJ Grisham*
CJ Grisham\*
Law Offices of CJ Grisham
TX Bar no. 24124533
3809 S. General Bruce Dr.
Ste 103-101
Temple, Texas 76502
Ph: 254-405-1726
Email: cj@cjgrisham.com
\*Pro hoc vice request forthcoming

*Attorneys for Plaintiff*